IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LABORERS' PENSION FUND, et al., )
                                )
           Plaintiffs,           )
                                )
     v.                          )    No.  13 C 1537
                                )
FOUR PROVINCE MASONRY, INC.,     )
                                )
           Defendant.            )

## MEMORANDUM ORDER

For a number of reasons (staffing, budget and others), the Clerk's Office has recently changed its long-standing practice of producing and delivering to each judge's chambers a photocopy of each newly-filed complaint assigned to that judge's calendar. That change has heightened the essentiality, for any judges who continue to maintain chambers files containing paper copies of the filings in each assigned case, of lawyers' compliance with this District Court's LR 5.2(f), which mandates delivery to a judge's chambers of a "courtesy copy" of each such filing.[1] And prompt compliance with that LR is particularly important as to new complaints and as to motions as well.[2]

---

[1] Until the Clerk's Office instituted the change referred to in the first sentence of this paragraph of the text, this Court had excepted the delivery of copies of newly-filed complaints from its requirement that counsel comply with LR 5.2(f). Now counsel must promptly provide this Court with courtesy copies of new complaints as well.

[2] In the latter respect, it is both an obvious impediment to this Court's expeditious handling of motions and a consequent discourtesy to opposing counsel when a lawyer shows up on this Court's daily motion call after having provided opposing counsel

It should be obvious that this Court's receipt of a complaint is the essential first step in the orderly maintenance and management of its caseload--it enables this Court (1) to review the complaint's content, (2) to issue any sua sponte opinion that may be called for, (3) to issue its customary scheduling order that establishes an initial status hearing date as well as the procedures to be followed before that date and (4) to create a "bible sheet" for the looseleaf binder that this Court maintains to reflect all aspects of the ongoing history of each lawsuit. As it is, the recent change in the Clerk's Office procedure has compelled this Court to screen all ECF-related emails to ascertain what complaints have been filed without the required delivery of courtesy copies to this Court.

This Court's staff has long been meticulous in making a record of every delivery to chambers (because of the regrettable neglect of the LR 5.2(f) obligation on the part of too many lawyers). That record does not reflect receipt of the Judge's Copy of the complaint in this action. Plaintiff's counsel are accordingly ordered to deliver a photocopy of the complaint to this Court's chambers on or before March 19, 2013.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 12, 2013

---

but not the judge with a copy of a newly-filed motion in advance of the date of its presentment.